UNITED STATES DISTRICT COURT                                    C/M
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
  ARJUNA C. FERNANDO,                                      :
                                                           :
                          Plaintiff,                       :    **MEMORANDUM DECISION AND**
                                                           :    **ORDER TO SHOW CAUSE**
                - against -                                :
                                                           :    20-cv-4930 (BMC) (SMG)
  ANNETTE KRISTENSEN,                                      :
                                                           :
                          Defendant.                       :
                                                           :
---------------------------------------------------------- X

**COGAN,** District Judge.

Plaintiff *pro se* Arjuna Fernando, an American citizen living in Denmark, has brought this action against a Danish citizen, defendant Annette Kristensen. The complaint alleges several violations of the First Amendment. Plaintiff is proceeding *pro se*, and he has paid the filing fee to initiate the action. For the reasons given below, this case is dismissed. In addition, plaintiff is ordered to show cause why he should not be enjoined from making further filings without leave of court.

## BACKGROUND

This is not plaintiff's first time in federal court. For the past few years, he has engaged in serial litigation against various individuals in Demark, all based on child custody and visitation proceedings that occurred there. See Fernando v. Sareen, No. 15-cv-3039, 2016 WL 556007, at *2 (N.D. Cal. Feb. 12, 2016) (dismissing the action with prejudice based on a lack of personal jurisdiction over the defendants); Fernando v. Haekkerup, No. 13-cv-3176, 2013 WL 11318853, at *2 (E.D.N.Y. Sept. 23, 2013) (dismissing the complaint for lack of subject matter jurisdiction), aff'd, 596 F. App'x 40 (2d Cir. 2015); Fernando v. Haekkerup, No. 12-cv-7126 (S.D.N.Y. Nov. 7, 2012) (same).

Based on these actions, the Honorable Loretta A. Preska of the United States District Court for the Southern District of New York enjoined plaintiff from filing any new federal court actions on the issue of child custody and visitation matters against the Danish government and its current and former officials without first obtaining leave of that court. Fernando v. Danish Ministry, No. 17-cv-1002 (S.D.N.Y. April 18, 2017). The following year, plaintiff brought an action in this Court, but I dismissed the claim based on a failure to comply with that injunction. Fernando v. Haxgart, No. 18-cv-3602 (E.D.N.Y. July 27, 2018). I cautioned that I would impose sanctions, including monetary penalties, if plaintiff continued to submit frivolous filings.

In this case, plaintiff alleges that defendant asked Tobias Berg, a "[l]egal [c]onsultant employed by the Danish government," to issue a "[d]ecree" that restricted what plaintiff could mention about his family on various social media accounts. The decree was allegedly issued, and if plaintiff violates it, he will face fines and imprisonment. Plaintiff argues that defendant has therefore violated his First Amendment rights to freedom of speech and association. He seeks damages and injunctive relief.

## DISCUSSION

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation omitted). And if a liberal reading of the complaint "gives any indication that a valid claim might be stated," a district court must grant leave to amend. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quotation omitted). But if the action is frivolous, the court may *sua sponte* dismiss the complaint with prejudice, even if the *pro se* litigant has paid a filing fee rather than requesting permission to proceed *in forma pauperis*. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000). An action is frivolous if (1) "the factual

contentions are clearly baseless" or (2) "the claim is based on an indisputably meritless legal theory." Jordan v. New York State Dep't of Labor, 811 F. App'x 58, 59 (2d Cir. 2020) (quotation omitted). Applying these standards, district courts have dismissed frivolous actions without notice "where further hearings and filings are unnecessary because the plaintiff seeks a legal impossibility." Gonzalez v. Ocwen Home Loan Servicing, 74 F. Supp. 3d 504, 519 (D. Conn. 2015) (quotation omitted), aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co., 632 F. App'x 32 (2d Cir. 2016); see also Nguyen v. Bush, No. 15-CV-641, 2016 WL 1069655, at *7 (E.D.N.Y. Mar. 16, 2016) (discussing Perez v. Ortiz, 849 F.2d 793 (2d Cir. 1988)).

  This case meets the standard for *sua sponte* dismissal. At the most fundamental level, the complaint does not just fail to state a claim; it seeks a legal impossibility. Plaintiff has sought relief directly under the First Amendment. Given the lenient standards that apply to *pro se* pleadings, I will construe the complaint as one seeking relief under 42 U.S.C § 1983. Cf. Daloia v. Rose, 849 F.2d 74, 75 (2d Cir. 1988) (construing a *pro se* § 1983 action as a *Bivens* action). For a § 1983 claim, *sua sponte* dismissal "is not inappropriate" when "there is no conceivable basis to find that the defendant was a state actor." Shorter v. Rice, No. 12-cv-0111, 2012 WL 1340088, at *2 (E.D.N.Y. Apr. 10, 2012); see also Licari v. Voog, 374 F. App'x 230, 231 (2d Cir. 2010). Here, defendant is not even an official in the Danish government. She is a foreign citizen in a foreign country, unconnected to the United States, one of the several states, or someone acting under the color of their authority. Thus, she cannot have violated plaintiff's First Amendment rights, no matter how much she allegedly restricted plaintiff's ability to use social media. See Mayer v. Mayer, No. 11-cv-6385, 2012 WL 441182, at *2 (E.D.N.Y. Feb. 10, 2012). Her alleged collaboration with Berg cannot save the complaint, because the First Amendment does not restrict the actions of foreign officials acting in foreign countries. See id. Therefore,

3

there is no conceivable basis to find that defendant violated plaintiff's constitutional rights. That alone warrants dismissal.[1] See Licari, 374 F. App'x at 231; Mayer, 2012 WL 441182, at *2.

Venue concerns reinforce this conclusion. To be sure, "[a] district court may not dismiss a case *sua sponte* for improper venue absent extraordinary circumstances." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999) (citing Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371 (2d Cir.1966)). But the Second Circuit has affirmed *sua sponte* dismissals when the following factors were present: "(1) neither the parties nor the activities alleged have any relation to the district in which the case is filed; (2) all discernible factual allegations involve events occurring outside the district; (3) the allegations duplicated those brought in other districts; and (4) where the plaintiff had been found by other courts to be a vexatious litigant and had imposed limits on his or her right to file new lawsuits." Padilla v. City, Town, or Municipality of Dallas Co., Tex., No. 3:19-cv-1115, 2019 WL 3766375, at *3 (D. Conn. Aug. 9, 2019) (collecting cases); see also Stich v. Rehnquist, 982 F.2d 88, 89–89 (2d Cir. 1992).

This case falls within that framework. Neither plaintiff nor defendant resides in this country, let alone in this district. None of the events giving rise to the litigation occurred in this district. And plaintiff has been warned in previous litigation that the federal courts are not the proper forum to litigate these disputes. Taken together, these are "extraordinary circumstances" that warrant dismissal.

---

[1] Plaintiff has alleged that the Court can entertain these claims under the "passive personality principle." This doctrine "permits a state, in certain limited circumstances, to assert jurisdiction over crimes committed against its nationals abroad." Fernando v. Haekkerup, 2013 WL 11318853, at *2. Given the legal impossibility of the underlying claims, the passive personality principal cannot save this action.

4

## CONCLUSION

For the foregoing reasons, the complaint is dismissed as frivolous. Because plaintiff's claims are based on an indisputably meritless theory that cannot be cured by amendment, plaintiff is denied leave to amend. Plaintiff is directed to show cause by written affirmation, within 20 days of the date of this decision, why he should not be barred from filing future complaints in this district without leave of the Court.

Although plaintiff has paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       October 16, 2020